IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Socorro Marin, on behalf of herself and all other similarly situated persons, known and unknown, Plaintiffs,

v.

Margie's Candies, Defendant.

## COMPLAINT

NOW COMES Socorro Marin, on behalf of herself and all other similarly situated persons, known and unknown (hereafter, "Plaintiff"), through counsel and for her Complaint against Margie's Candies (hereafter, "Margie's Candies"), ("Defendant"), states:

## INTRODUCTION

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), for Defendants' failure to pay Plaintiff and other similarly situated employees overtime wages for hours worked in excess of forty (40) hours in a workweek.

2. Plaintiff also seeks redress under the Municipal Code of Chicago Minimum Wage Ordinance § 1-24 ("Ordinance") for Defendant's failure to compensate her at least the city of Chicago mandated minimum wage rate.

3. Defendant's unlawful compensation practices have denied Plaintiff and other similarly situated persons their earned and living wages.

4. Plaintiff bring Counts I of this Complaint as a Collective Action under the FLSA, 29 U.S.C. § 216(b). Plaintiff's FLSA collective action consent form is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

5. Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. § 1331, Federal Question, arising under 29 U.S.C. § 216(b). Supplemental jurisdiction over Plaintiff's Illinois statutory claims are invoked pursuant to 28 U.S.C. § 1367, as these claims are so related to Plaintiff's claims within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. This action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b), because upon information and belief, Defendants reside in this judicial district and the events giving rise to Plaintiff's claims occurred within this judicial district.

## THE PARTIES

### Plaintiff

7. Plaintiff is employed by Defendants in Cook County, Illinois, which is in this judicial district.

8. Plaintiff has worked at Defendant's business since 2004.

9. Throughout the course of her employment, Plaintiff is involved in interstate commerce and is an "employee" as defined by the FLSA, 29 U.S.C. §201 *et seq.*, the IMWL, 820 ILCS 105/1 *et seq.*, and the Ordinance, § 1-24.

### Defendant

10. Defendant operates a candy confectionary business called Margie's Candies, located at 1960 North Western Ave., Chicago, Illinois.

11. Defendant Margie's Candies is an Illinois corporation doing business within this judicial district and is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

12. Based on information and belief, Defendant Margie's Candies has annual gross sales of $500,000.00 or more.

13. Defendant Margie's Candies has had two (2) or more employees involved in interstate commerce.

14. Defendant Margie's Candies is Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS § 105/3, and Ordinance, § 1-24.

**FACTS**

15. Plaintiff works for Defendant as a dishwasher and packaging candy.

16. Plaintiff regularly works, at the direction of Defendant, in excess of forty (40) hours in a workweek.

17. Plaintiff does not have a lunch break.

18. Plaintiff is paid at an hourly rate of $10.00.

19. Starting on July 1, 2016, Plaintiff's hourly rate is below the City of Chicago minimum wage rate of $10.50 per hour.

20. Plaintiff is paid in cash.

21. Plaintiff regularly works Mondays to Thursdays and Sundays from 5:00 p.m. to 12:00 a.m.

22. Plaintiff regularly works Fridays and Saturdays from 5:00 p.m. to 1:00 a.m.

23. Plaintiff regularly works over forty (40) hours per week or more as directed by Defendant, but is not paid proper overtime wages for time worked in excess of forty (40) hours.

24. Plaintiff is not paid time and a half her regular hourly rate for all hours worked in excess of forty (40) hours in a workweek.

25. Defendant denies Plaintiff and other similarly situated employees their earned wages.

26. Plaintiff is not exempt from the overtime provisions of the FLSA or the IMWL.

## COUNT I: VIOLATION OF THE FLSA
### Overtime Wages

27. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

28. Plaintiff and the members of the class were directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

29. Defendants did not compensate Plaintiff or members of the class at a rate of at least one and one-half (1.5) times their regular hourly rate of pay for all hours worked in excess of forty (40) hours in their individual workweeks.

30. Defendants did not compensate Plaintiff or members of the class at an overtime rate calculated in accordance with the tip credit provisions of the FLSA.

31. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

32. Plaintiff and other similarly situated employees are entitled to recover unpaid overtime wages for up to three years prior to the filing of this lawsuit because Defendant's failure to pay overtime wages for hours worked in excess of forty (40) hours per work week was a willful violation of the FLSA.

WHEREFORE, Plaintiff and the class respectfully request that this Honorable Court:

A. Determine that this action may be maintained as a collective action pursuant to the FLSA.

B. Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiff and other similarly situated employees in excess of forty (40) hours in individual work weeks;

C. Award liquidated damages in an amount equal to the amount of unpaid overtime wages;

D. Declare Defendants to be in violation of the FLSA;

E. Enjoin Defendants from violating the FLSA;

F. Award reasonable attorneys' fees and costs; and

G. Grant such additional or alternative relief as this Honorable Court deems just and proper.

## COUNT II: VIOLATION OF THE IMWL
### Overtime Wages

33. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

34. This Count arises from Defendants' violation of the IMWL for Defendants' failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

35. Defendants directed Plaintiff to work, and Plaintiff did work in excess of forty (40) hours in individual work weeks.

36. Other similarly situated employees were likewise directed to work, and did work, in excess of forty (40) hours in individual work weeks.

37. Plaintiff and other similarly situated employees were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

38. Defendants did not pay Plaintiff, and other similarly situated employees, overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

39. Defendants violated the IMWL by failing to pay Plaintiff, and other similarly situated employees, overtime wages for all hours worked in individual work weeks.

40. Pursuant to 820 ILCS 105/12(a), Plaintiff and other similarly situated employees are entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Enter a judgment in the amount of overtime wages due to Plaintiff as provided by the IMWL;

B. Award Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Enjoin Defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

### COUNT III: VIOLATION OF THE ORDINANCE
#### Minimum Wages

41. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

42. This count arises from Defendant's violation of the Ordinance, by failing to pay Plaintiff the City of Chicago-mandated minimum wages for all hours worked in individual work weeks starting on July 1, 2016, as described in paragraphs 18-19, *supra*.

43. Plaintiff is directed to work by Defendant and, in fact, did work but was not compensated at least at the City of Chicago-mandated minimum wage rate for all time worked starting on July 1, 2016.

44. Plaintiff is entitled to be paid not less than the City of Chicago-mandated minimum wage for all hours worked in individual work weeks starting on July 1, 2016.

45. Defendant did not pay Plaintiff the City of Chicago-mandated minimum wage for all hours worked in individual work weeks starting on July 1, 2016.

46. Defendant's failure to pay Plaintiff the City of Chicago-mandated minimum wage rate for all hours worked in individual work weeks starting on July 1, 2016 was a violation of the Ordinance.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Enter a judgment in the amount of all minimum wages due to Plaintiff as provided by the Ordinance;

B. Award Statutory damages for Plaintiff pursuant to the formula set forth in the Municipal Code of Chicago Minimum Wage Ordinance §1-24-110;

C. Declare that Defendant has violated the Ordinance;

D. Enjoin Defendant from violating the Ordinance;

E. Award reasonable attorneys' fees and costs of this action as provided by the Ordinance; and Grant such other and further relief as this Honorable Court deems just and proper

Respectfully submitted,

s/ Raisa Alicea
Raisa Alicea
Consumer Law Group, LLC
6232 N. Pulaski, Suite 200
Chicago, IL 60646
(312) 800-1017
ralicea@yourclg.com

One of Plaintiff's attorneys